Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:     602.328.0262
Facsimile:     602.926.1479
Email:         srandall@randallslaw.com

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:     713.352.1100
Facsimile:     713.352.3300
Emails:        mjosephson@mybackwages.com
               adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:     713.877.8788
Email:         rburch@brucknerburch.com

**ATTORNEYS FOR PARRISH AND THE HOURLY EMPLOYEES**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Bert Parrish, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Vulcan Materials Company, a New Jersey corporation,<br><br>    Defendant. | Case No. _____<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);** |

**(2) Failure to Timely Pay Earned Wages (Arizona Wage Act, A.R.S. § 23-350, *et seq.*).**

**(Jury Trial Demanded)**

# ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Bert Parrish (Parrish) brings this class and collective action to recover unpaid wages and other damages from Vulcan Materials Company (Vulcan).

2. Vulcan employed Parrish as one of its Hourly Employees (defined below).

3. Parrish and the other Hourly Employees regularly work more than 40 hours a workweek.

4. Vulcan pays them by the hour.

5. But Vulcan does not pay Parrish and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek.

6. Instead, Vulcan pays Parrish and the other Hourly Employees non-discretionary bonuses that it fails to include in their regular rates of pay for overtime purposes (Vulcan's "bonus pay scheme").

7. Vulcan's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Parrish and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

8. And Vulcan thus fails to timely pay all earned wages due on designated paydays and upon termination of employment, in violation of the Arizona Wage Act (AWA).

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

- 2 -

10. This Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Vulcan based on its substantial contacts with and business done in Arizona, including registering to do business in Arizona and employing Parrish and other Hourly Employees in Arizona.

12. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

13. Specifically, Vulcan employed Parrish and other Hourly Employees pursuant to its bonus pay scheme in Maricopa County, Arizona.

**PARTIES**

14. Vulcan has employed Parrish as a drag line operator in Arizona since approximately December 2023.

15. Throughout his employment, Vulcan has paid Parrish under its bonus pay scheme.

16. Parrish's written consent is attached as **Exhibit 1**.

17. Parrish brings this class and collective action on behalf of himself, and other similarly situated Vulcan employees paid under its bonus pay scheme.

18. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Vulcan employees who were paid a bonus not included in their regular rate of pay during the last three years through final resolution of this action (the "FLSA Collective Members").**

19. The putative AWA class of similarly situated employees is defined as:

> **All hourly Vulcan employees who worked in Arizona who were paid a bonus not included in their regular rate of pay during the last one year through final resolution of this action (the "Arizona Class Members").**

20. The FLSA Collective Members and the Arizona Class Members are collectively referred to as the "Hourly Employees."

21. Vulcan is a New Jersey corporation headquartered in Birmingham, Alabama.

22. Vulcan may be served with process through its registered agent: CT Corporation System, 3800 N. Central Ave., Ste. 460, Phoenix, Arizona 85012.

**FLSA COVERAGE**

23. At all relevant times, Vulcan was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, Vulcan was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, Vulcan was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

26. At all relevant times, Vulcan had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

27. At all relevant times, Parrish and the other Hourly Employees were Vulcan's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

28. At all relevant times, Parrish and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

**FACTS**

29. Vulcan bills itself as the "nation's largest producer of construction aggregates—primarily crushed stone, sand and gravel—and a major producer of aggregates-

based construction materials, including asphalt and ready-mixed concrete" and touts that "[w]ith over 500 facilities across the country, we likely have a location near you."[1]

30. Vulcan further "offer[s] a comprehensive package of generous compensation and benefits programs that are regularly reviewed to keep them at competitive levels" and provides detailed description of what it offers its employees.[2]

31. Vulcan "employs approximately 11,000 people" and advertises job openings company-wide through its website, as well as providing in depth descriptions of the skills it seeks and the workplace policies it applies.[3]

32. To meet its business objectives, Vulcan employs workers, including Parrish and the other Hourly Employees to extract, process, and distribute aggregates and other materials.

33. For example, Vulcan has employed Parrish as a drag line operator in Maricopa County since approximately December 2023.

34. As a drag line operator, Parrish's primary job duties include using levers and controls to manipulate the drag line excavator to move aggregates and other construction materials as directed, as well as operating a loader.

35. Throughout his employment, Parrish has regularly worked more than 40 hours a workweek.

36. Indeed, Parrish typically works approximately 10 hours a day and 5 to 6 days a week "on the clock" (50 to 60 hours a workweek).

37. Likewise, the other Hourly Employees typically work approximately 10-hour shifts and 3 to 4 days a week "on the clock" (50 to 60 hours a workweek).

38. Parrish and the other Hourly Employees are required to report their "on the clock" hours worked via Vulcan's designated timekeeping system.

---

[1] https://www.vulcanmaterials.com/; https://www.workforvulcan.com/ (last visited May 1, 2025).
[2] https://www.vulcanmaterials.com/careers/compensation-and-benefits (last visited May 1, 2025).
[3] https://www.vulcanmaterials.com/careers (last visited May 1, 2025).

- 5 -

39. Vulcan agreed to pay Parrish approximately $38 an hour.

40. Vulcan similarly agreed to pay the other Hourly Employees a comparable hourly rate.

41. But Vulcan does not pay Parrish and the other Hourly Employees at the required premium overtime rate for all hours worked in excess of 40 in a workweek.

42. Instead, Vulcan pays Parrish and the other Hourly Employees under its bonus pay scheme.

43. Specifically, Vulcan pays Parrish and the other Hourly Employees non-discretionary bonuses, including sign-on bonuses, that it fails to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

44. For example, Vulcan agreed, prior to Parrish beginning his employment as a full-time paramedic, to pay him a $4,000 sign on bonus in pre-specified increments on a timeline determined by Vulcan.

45. Vulcan paid $2,000, half of the sign on bonus, to Parrish during the pay period ending December 7, 2024:

| Description | Rate | Current Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Sign On Bonus | | | 2,000.00 | | 4,000.00 |
| Holiday Fl Per Non UH | | | 0.00 | 16.00 | 608.00 |
| Hol Work 1.5x Non UH | | | 0.00 | 10.10 | 575.70 |
| Holiday Nonunion Hourly | | | 0.00 | 72.00 | 2,736.00 |
| Overtime Double Non UH | | | 0.00 | 156.00 | 11,905.82 |
| Overtime Nonunion Hourly | | | 0.00 | 370.30 | 22,069.19 |
| Regular Nonunion Hourly | | | 0.00 | 1,606.30 | 65,115.80 |
| Retro Regular Non UH | | | 0.00 | | 480.40 |
| Vacation Nonunion Hourly | | | 0.00 | 80.00 | 3,040.00 |
| Overtime Percent Shift | | | 0.00 | 14.80 | 888.59 |
| Regular Percent Shift | | | 0.00 | 198.70 | 7,928.13 |
| Arizona Sick Pay | | | 0.00 | 40.00 | 1,520.00 |
| Reimbursement Safety | | | 0.00 | | 184.10 |
| TOTAL: | | 0.00 | 2,000.00 | 2,564.20 | 121,051.73 |

46. But Vulcan failed to include any portion of this sign-on bonus paid to Parrish in his regular rate of pay for overtime purposes, as evidenced by his paystub for the pay period ending December 7, 2024:

- 6 -

| Description | Rate | Current Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Holiday Nonunion Hourly | 38.000000 | 16.00 | 608.00 | 72.00 | 2,736.00 |
| Overtime Double Non UH | 76.000000 | 2.60 | 197.60 | 156.00 | 11,905.82 |
| Overtime Nonunion Hourly | 57.000000 | 24.30 | 1,385.10 | 370.30 | 22,069.19 |
| Regular Nonunion Hourly | 38.000000 | 64.00 | 2,432.00 | 1,606.30 | 65,115.80 |
| Overtime Double Non UH | 84.000000 | 0.10 | 8.40 | | 0.00 |
| Holiday Fl Per Non UH | | | 0.00 | 16.00 | 608.00 |
| Hol Work 1.5x Non UH | | | 0.00 | 10.10 | 575.70 |
| Retro Regular Non UH | | | 0.00 | | 480.40 |
| Vacation Nonunion Hourly | | | 0.00 | 80.00 | 3,040.00 |
| Overtime Percent Shift | | | 0.00 | 14.80 | 888.59 |
| Regular Percent Shift | | | 0.00 | 198.70 | 7,928.13 |
| Arizona Sick Pay | | | 0.00 | 40.00 | 1,520.00 |
| Reimbursement Safety | | | 0.00 | | 184.10 |
| **TOTAL:** | | **107.00** | **4,631.10** | **2,564.20** | **121,051.73** |

47. Thus, under its bonus pay scheme, Vulcan does not pay Parrish and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek, in violation of the FLSA and AWA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

48. Parrish brings his claims as a class and collective action on behalf of himself and the other Hourly Employees.

49. Like Parrish, the other Hourly Employees are victimized by Vulcan's bonus pay scheme.

50. Other Hourly Employees worked with Parrish and indicated they were paid in the same or similar manner under Vulcan's bonus pay scheme.

51. Based on his experience with Vulcan, Parrish is aware Vulcan's bonus pay scheme was imposed on other Hourly Employees.

52. The Hourly Employees are similarly situated in the most relevant respects.

53. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

54. Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

55. Rather, Vulcan's bonus pay scheme renders Parrish and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek.

56. Vulcan's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

57. Vulcan's records also show it paid Parrish and the other Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

58. The back wages owed to Parrish and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

59. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Vulcan's records, and there is no detraction from the common nucleus of liability facts.

60. Therefore, the issue of damages does not preclude class or collective treatment.

61. Parrish's experiences are therefore typical of the experiences of the other Hourly Employees.

62. Parrish has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

63. Like each Hourly Employee, Parrish has an interest in obtaining the unpaid wages owed under federal and Arizona law.

64. Parrish and his counsel will fairly and adequately protect the interests of the Hourly Employees.

65. Parrish retained counsel with significant experience in handling complex class and collective action litigation.

66. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Vulcan will reap the unjust benefits of violating the FLSA and AWA.

67. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

68. Indeed, the multiplicity of actions would create hardship for the Hourly Employees, the Court, and Vulcan.

69. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

70. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

71. Among the common questions of law and fact are:

    a. Whether Vulcan paid the Hourly Employees non-discretionary bonuses;

    b. Whether Vulcan failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

    c. Whether Vulcan failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

    d. Whether Vulcan failed to timely pay all wages due to the hourly employees;

    e. Whether Vulcan's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

    f. Whether Vulcan's violations were willful.

72. As part of its regular business practices, Vulcan intentionally, willfully, and repeatedly violated the FLSA with respect to Parrish and the other Hourly Employees.

73. There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

74. The Hourly Employees are known to Vulcan, are readily identifiable, and can be located through Vulcan's business and personnel records.

### VULCAN'S VIOLATIONS WERE WILLFUL

75. Vulcan knew it employed Parrish and the other Hourly Employees.

76. Vulcan knew it was subject to the FLSA's overtime provisions.

77. Vulcan knew the FLSA required it to pay non-exempt employees, including Parrish and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

78. Vulcan knew Parrish and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours via Vulcan's timekeeping system.

79. Vulcan knew Parrish and the other Hourly Employees were non-exempt employees entitled to overtime pay.

80. Vulcan knew it paid Parrish and the other Hourly Employees non-discretionary bonuses.

81. Vulcan knew it was required to include these non-discretionary bonuses in their regular rates of pay.

82. Vulcan knew these non-discretionary bonuses were not included in Parrish's and the other Hourly Employees' regular rates of pay for overtime purposes.

83. And Vulcan knew the FLSA require it to pay Parrish and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

84. Vulcan's failure to pay Parrish and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

85. Indeed, Vulcan has previously been sued for failing to pay required overtime wages under the FLSA. *See e.g.*, *Bailey v. Vulcan Materials Co., et al.*, No. 1:21-cv-00998-MHC; *Montoya v. Vulcan Materials Co.*, No. 1:05-cv-00090-BB-DJS.

86. Vulcan knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Parrish and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA.

### COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

87. Parrish brings his FLSA claim as a collective action on behalf of himself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

88. Vulcan violated, and is violating, the FLSA by employing non-exempt employees such as Parrish and the other Hourly Employees in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

89. Vulcan's unlawful conduct harmed Parrish and the other Hourly Employees by depriving them of overtime wages they are owed.

90. Accordingly, Vulcan owes Parrish and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

91. Because Vulcan knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Vulcan owes Parrish and the other Hourly Employees these wages for at least the past 3 years.

92. Vulcan is also liable to Parrish and the other Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

93. Finally, Parrish and the other Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II
### FAILURE TO PAY EARNED WAGES UNDER THE AWA
### (ARIZONA CLASS)

94. Parrish brings his AWA claim on behalf of himself and the other Arizona Class Members pursuant to FED. R. CIV. P. 23.

95. The conduct alleged violates the AWA. A.R.S. §§ 23-350, *et seq.*

96. At all relevant times, Vulcan was Parrish's and the other Arizona Class Members' "employer" within the meaning of the AWA. *See* A.R.S. § 23-350(3).

97. At all relevant times, Vulcan employed Parrish and the other Arizona Class Members as its covered "employees" within the meaning of the AWA. *See* A.R.S. § 23-350(2).

98. Parrish's and the other Arizona Class Members' outstanding earned overtime wages are "wages" within the meaning of the AWA. *See* A.R.S. § 23-350(7).

99. The AWA requires employers, like Vulcan, to timely pay employees, including Parrish and the other Arizona Class Members, "all wages due … up to that date" on their regular established paydays. A.R.S. § 23-351(C).

100. The AWA further requires employers, like Vulcan, to timely pay employees, including Parrish and the other Arizona Class Members, all earned overtime wages no later than sixteen days after the end of the most recent pay period. A.R.S. § 23-351(C)(3).

101. The AWA prohibits employers, like Vulcan, from withholding or diverting any portion of an employee's earned wages. A.R.S. § 23-352.

102. Vulcan violated, and is violating, the AWA by failing to timely pay, and instead willfully withholding earned overtime wages from Parrish and the other Arizona Class Members. *See* A.R.S. §§ 23-351(C)(3) and 23-352.

103. Vulcan's unlawful conduct harmed Parrish and the other Arizona Class Members by depriving them of timely payment of the full overtime wages they are owed.

104. Accordingly, Vulcan owes Parrish and the other Arizona Class Members the difference between the rate actually paid and the required overtime rate, which to date, remains outstanding.

105. Vulcan is liable to Parrish and the other Arizona Class Members for treble damages. *See* A.R.S. § 23-355.

106. Finally, Parrish and the other Arizona Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### JURY DEMAND

107. Parrish demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Parrish, individually and on behalf of the other Hourly Employees, seeks the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

    b. An Order designating the Arizona Class as a class action pursuant to FED. R. CIV. P. 23;

    c. An Order appointing Parrish and his counsel to represent the interests of the Arizona Class;

    d. An Order finding Vulcan liable to Parrish and the other Hourly Employees for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding Vulcan liable to Parrish and the Arizona Class Members for unpaid earned wages owed under the AWA, plus treble damages;

f. A Judgment against Vulcan awarding the Hourly Employees all their unpaid wages, including overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the FLSA and/or AWA;

g. An Order awarding attorney's fees, costs, and expenses;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Dated: May 5, 2025 | Respectfully submitted, |
| | **RANDALL LAW PLLC** |
| | By: */s/ Samuel R. Randall* |
| | Samuel R. Randall (No. 024517) |
| | 4742 North 24th Street, Suite 300 |
| | Phoenix, Arizona 85016 |
| | 602-328-0262 – Telephone |
| | 602-926-1479 – Facsimile |
| | srandall@randallslaw.com |
| | |
| | Michael A. Josephson* |
| | Andrew W. Dunlap* |
| | **JOSEPHSON DUNLAP LLP** |
| | 11 Greenway Plaza, Suite 3050 |
| | Houston, Texas 77046 |
| | 713-352-1100 – Telephone |
| | 713-352-3300 – Facsimile |
| | mjosephson@mybackwages.com |
| | adunlap@mybackwages.com |
| | |
| | Richard J. (Rex) Burch* |
| | **BRUCKNER BURCH PLLC** |
| | 11 Greenway Plaza, Suite 3025 |
| | Houston, Texas 77046 |
| | 713-877-8788 – Telephone |
| | rburch@brucknerburch.com |
| | |
| | *Pro hac vice applications forthcoming* |
| | |
| | **ATTORNEYS FOR PARRISH & THE HOURLY EMPLOYEES** |