1

**Womble Bond Dickinson (US) LLP**

2
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

3
**Mary Ellen Simonson** (State Bar No. 009298)
Direct Dial: 602.262.5317
Email: MaryEllen.Simonson@wbd-us.com

4
**Nicole G. True** (State Bar No. 032576)
Direct Dial: 602.262.5389
Email: Nicole.True@wbd-us.com

5

**Hunton Andrews Kurth LLP**

6
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037

7
**Kevin J. White** (*pro hac vice* application forthcoming)
Direct Dial: 202.955.1886
Email: KWhite@hunton.com

8
200 Park Avenue
New York, NY 10166

9

10
**James J. La Rocca** (*pro hac vice* application forthcoming)
Direct Dial: 212.309.1395
Email: JLaRocca@hunton.com

11
*Attorneys for Defendant*

12

### UNITED STATES DISTRICT COURT

13

### DISTRICT OF ARIZONA

14

| | |
|---|---|
| Bert Parrish, Individually and for Others Similarly Situated, | No. 2:25-cv-01523-KML |
| Plaintiffs, | **DEFENDANT VULCAN MATERIALS COMPANY'S MOTION TO COMPEL ARBITRATION, OR, IN THE ALTERNATIVE, TO DISMISS** |
| v. | |
| Vulcan Materials Company, a New Jersey corporation, | **Oral Argument Requested** |
| Defendant. | |

15

16

17

18

19

20

21        Pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, Defendant

22   Vulcan Materials Company ("Defendant") moves this Court for an order (1) compelling

23   Plaintiff Bert Parrish ("Plaintiff") to submit all claims to arbitration, and (2) staying these

24   proceedings, because Plaintiff's claims in this action are subject to a valid and binding

25   arbitration agreement.

26        In the alternative, if the Court does not compel Plaintiff to arbitrate the claims (which

27   it should), Defendant: (1) moves to dismiss Plaintiff's Arizona Wage Act (AWA) claim

28   under Fed. R. Civ. P. 12(b)(6) because the Fair Labor Standards Act (FLSA) preempts the

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

claim; (2) moves to dismiss the claims of the non-Arizona putative collective under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; and (3) in the event the Court does not dismiss the non-Arizona putative collective's claims, moves to stay this action pending a decision by the United States Court of Appeals for the Ninth Circuit on whether *Bristol-Myers Squibb Co. v. Superior of California, San Francisco County*, 582 U.S. 255 (2017) ("*Bristol-Myers*") deprives courts of personal jurisdiction over such claims.    These alternative arguments are made without any waiver of any rights Defendant has to compel arbitration under the FAA.

This motion is based on the accompanying memorandum of points and authorities, the declarations of Rosa Deck, Alyssa Lisiewski, and Tammy Whiston, the pleadings in this action, and any oral and documentary evidence and arguments as may be presented at or before the hearing on this motion.

As required by this Court's Order dated May 8, 2025 (Doc. 5) and Rule 12.1(c) of the Local Rules of Civil Procedure, Defendant's counsel met and conferred with Plaintiff's counsel, but the parties were unable to come to an agreement regarding the merits of this motion or whether there are curable deficiencies in the Complaint.    (*See* Certificate of Conferral.)

DATED this 30th day of June, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: */s/  Nicole G. True*
Mary Ellen Simonson
Nicole G. True
*Attorneys for Defendant*

HUNTON ANDREWS KURTH LLP

By: */s/ Kevin J. White*
Kevin J. White
James J. La Rocca
*Attorneys for Defendant*

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ............................................................... 2

        A.      The Parties ................................................................................................. 2

        B.      Plaintiff Enters Into A Binding Arbitration Agreement With Defendant ...... 2

        C.      Plaintiff Ignores the Arbitration Agreement and Files this Lawsuit ............. 3

III.    ARGUMENT ....................................................................................................... 4

        A.      The Court Should Compel Plaintiff To Individual Arbitration .................... 4

                1.      The FAA Mandates Enforcement Of The Arbitration Agreement ..... 5

                        a.      The Arbitration Agreement is Valid and Enforceable ........... 5

                        b.      Plaintiff's Claims Fall Squarely Within the Scope of the
                                Arbitration Agreement ........................................................ 7

                2.      The Court Should Stay This Action Pending Arbitration .................. 8

        B.      The FLSA Preempts the Arizona Wage Act Claim ..................................... 8

        C.      The Court Should Dismiss Plaintiff's FLSA Allegations As To Any
                Non-Arizona Putative Opt-In Plaintiffs For Lack Of Personal
                Jurisdiction ............................................................................................... 10

                1.      Standard of Review ........................................................................ 10

                2.      The Court Lacks General Jurisdiction Over Defendant ................... 11

                3.      The Court Lacks Specific Jurisdiction With Respect To The Non-
                        Arizona Putative Collective Claims ................................................ 12

        D.      If the Court Fails To Dismiss The FLSA Allegations As to Any Non-
                Arizona Putative Opt-In Plaintiffs, the Court Should Stay Further
                Proceedings Pending The Ninth Circuit's Decision in *Harrington v.
                Cracker Barrel* ........................................................................................ 14

IV.     CONCLUSION ................................................................................................... 15



201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

# TABLE OF AUTHORITIES

**Cases**

*Allied-Bruce Terminix Co., Inc. v. Dobson,*
 513 U.S. 265, 282 (1995) ...................................................................................... 5

*Anderson v. Sara Lee Corp.,*
 508 F.3d 181 (4th Cir. 2007) ................................................................................. 9

*Apex Holdings LLC v. FairBridge Hotels Int'l Inc.,*
 No. CV-24-03035-PHX-MTL, 2025 WL 1101664.......................................... 8

*AT&T Techs. Commc'ns Workers of Am.,*
 475 U.S. 643 (1986) .............................................................................................. 7

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.,*
 622 F.3d 996, 1005 (9th Cir. 2010) ...................................................................... 4

*Bristol-Myers Squibb Co. v. Superior of California, San Francisco County,*
 582 U.S. 255 (2017) .................................................................................... *passim*

*Burks v. Aaron's Inc.,*
 No. CV-19-00559-TUC-SHR, 2020 WL 10055817, at *3 ............................... 4

*Canaday v. Anthem Cos.,*
 9 F.4th 392 (6th Cir. 2021) ........................................................................... 13, 14

*Carlson v. United Nat. Foods, Inc.,*
 No. C20-5476-JCC, 2021 WL 3616786 (W.D. Wash. Aug. 14, 2021) ....................... 13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.,*
 207 F.3d at 1130.......................................................................................... 1, 5, 7

*Circuit City Stores, Inc. v. Adams,*
 532 U.S. 105 (2001) .............................................................................................. 5

*Collins v. Macy's Inc.,*
 CV-19-02572-PHX-GMS, 2019 WL 5188749 (D. Ariz. Oct. 15, 2019)........................ 6

*Colson v. Avnet, Inc.,*
 687 F. Supp. 2d 914 (D. Ariz. 2010) ................................................................... 10

*Coup v. Scottsdale Plaza Resort,*
 823 F. Supp. 2d 931 (D. Ariz. 2011) ..................................................................... 6

*Cummings v. W. Trial Lawyers Assoc.,*
 133 F. Supp. 2d 1144 (D. Ariz. 2001) ................................................................. 10

201 East Washington Street, Suite 1200
Phoenix, AZ  85004



WOMBLE BOND DICKINSON

4911-1755-5281.2

*De Asencio v. Tyson Foods, Inc.*,
  342 F.3d 301 (3d Cir. 2003) .......................................................................... 9

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ...................................................................................... 7

*Ernest Bock, LLC v. Steelman*,
  76 F.4th 827 (9th Cir. 2023) ........................................................................ 14

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995) ...................................................................................... 5

*Fischer v. Fed. Express Corp.*,
  42 F.4th 366 (3d Cir. 2022) ........................................................................ 13

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
  905 F.3d 597 (9th Cir. 2018) ...................................................................... 10

*Gonzalez v. Gov't Emps. Ins. Co.*,
  2:20-CV-11722-RGK-KS, 2021 WL 4805434 (C.D. Cal. Apr. 30, 2021) ................... 12

*Harrington v. Cracker Barrel Old Country Store, Inc.*,
  Nos. 23-15650 and 24-1979 .......................................................................... 2

*Harrington v. Cracker Barrel Old Country Stores, Inc.*,
  Nos. 23-15650 and 24-1979 ................................................................. 14, 15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) .................................................................................... 11

*Hoffmann-La Roche, Inc. v. Sperling*,
  493 U.S. 165 (1989 ..................................................................................... 15

*Knapke v. PeopleConnect, Inc*,
  38 F.4th 824, 833 (9th Cir. 2022) .................................................................. 4

*LNS Enters. LLC v. Cont'l Motors Inc.*,
  464 F. Supp. 3d 1065 (D. Ariz. 2020), *aff'd*, 22 F.4th 852 (9th Cir. 2022) ................ 11

*Marsteller v. MD Helicopter Inc.*,
  CV-14-01788-PHX-DLR, 2014 WL 12821103 (D. Ariz. Oct. 15, 2014) ................... 10

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ..................................................................... 10

*Nelson v. Network Infrastructure Corp.*,
  No. CIV 09-1172-PHX-DKD, 2010 WL 11515662 ........................................... 10

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

*O'Connor v. Uber Techs., Inc.*,
  904 F.3d 1087 (9th Cir. 2018) ........................................................................ 5

*PG&E Corp. Sec. Litig.*,
  100 F.4th 1076 (9th Cir. 2024) ..................................................................... 14

*Ramirez v. LQ Mgmt., LLC*,
  No. 219-CV-06507-ODW(JPRX), 2020 WL 2797285, at *2 ......................... 5

*Rose v. Wildflower Bread Co*.,
  No. CV09-1348-PHX-JAT, 2011 WL 196842 (D. Ariz. Jan. 20, 2011) ......... 9

*Salazar v. Driver Provider Phoenix LLC*,
  No. CV-19-05760-PHX-SMB, 2023 WL 167021 ....................................... 10

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ....................................................................... 11

*Scott-Ortiz v. CBRE Inc.*,
  501 F. Supp. 3d 717 (D. Ariz. 2020) ............................................................. 4

*Smith v. Spizzirri*,
  601 U.S. 472 (2024) ....................................................................................... 8

*Taleb v. AutoNation USA Corp.*,
  No. CV06-02013-PHX-NVW, 2006 WL 3716922 ........................................ 6

*Vallone v. CJS Sols. Grp., LLC*,
  9 F.4th 861 (8th Cir. 2021) .......................................................................... 13

*Wilkerson v Walgreens Specialty Pharm. LLC*,
  637 F. Supp. 3d 718 (D Ariz. 2022) ............................................................ 13

*Williamson v. Gen. Dynamics Corp*.,
  208 F.3d 1144 (9th Cir. 2000) ................................................................... 8, 9

*Wood v. TriVita, Inc*.,
  No. CV-08-0765-PHX-SRB, 2008 WL 6566637 (D. Ariz. Sept. 18, 2008)........ 10

*Zanders v. Wells Fargo Bank N.A.*,
  55 F. Supp. 3d 1163 (S.D. Iowa 2014) .......................................................... 9

**Statutes**

29 U.S.C. § 216(b) ............................................................................................. 9

9 U.S.C. § 1, *et seq.* ........................................................................................... i

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

A.R.S. § 23-351(C)(3) ............................................................................................ 9

**Rules**

Fed. R. Civ. P. 12(b)(2) ...................................................................................ii, 2, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................ i

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................... 10

Fed. R. Civ. P. 23 ........................................................................................................ 1

LRCiv. 12.1(c) ........................................................................................................... ii

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This action arises out of Plaintiff's employment with Defendant.  The Court should compel arbitration pursuant to a binding, enforceable, and valid arbitration agreement between Plaintiff and Defendant.

In connection with Plaintiff's onboarding with Defendant, Plaintiff received, read, and agreed to abide by the Agreement to Arbitrate Disputes (the "Arbitration Agreement"). *See* Declaration of Tammy Whiston ("Whiston Decl."), Ex. B.  According to the Arbitration Agreement, "any controversy between [Plaintiff] and [Defendant] . . . that arises out of [Plaintiff's] employment . . . shall be settled by binding arbitration." *Id.* at 1.  Plaintiff further agreed to arbitrate on an individual basis.  *Id.* at 2.  Plaintiff nevertheless initiated this lawsuit, asserting claims against Defendant purportedly on behalf of himself and others who are similarly situated for (1) failure to pay overtime under the FLSA on a nationwide basis, and (2) failure to pay earned wages under the AWA.

Plaintiff cannot simply ignore his obligation to individually arbitrate this employment-related dispute.  Arbitration is a creature of contract, and the FAA requires that courts honor the parties' contractual agreement and expectations.  This Court need only address two gateway issues to determine the enforceability of the Arbitration Agreement: (1) whether Plaintiff entered into a valid arbitration agreement; and (2) whether Plaintiff's claims fall within the scope of the agreement.  *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Both conditions are conclusively met.  Accordingly, the Court should compel arbitration of Plaintiff's claims on an individual basis.

If the Court does not compel Plaintiff to arbitrate (which it should), the Court should dismiss the AWA claim in its entirety and the FLSA claims of the non-Arizona putative collective.  The AWA claim is entirely derivative of Plaintiff's FLSA claim.  As such, the FLSA preempts the AWA claim and must be dismissed.  To allow Plaintiff to use a duplicative state wage-collection law to avail himself of the more generous Rule 23

procedures and pursue treble damages would undermine the FLSA's opt-in procedures. As to the nationwide FLSA claim, the Court lacks both general and specific personal jurisdiction over Defendant with respect to the claims of individuals who worked for Defendant outside of Arizona. The Court, therefore, should dismiss such claims under Rule 12(b)(2).

Finally, if the Court declines to dismiss the claims of non-Arizona putative opt-in plaintiffs, Defendant respectfully moves to stay this action pending a decision by the Ninth Circuit on whether the Supreme Court of the United States' decision in *Bristol-Myers* deprives courts of personal jurisdiction over claims by out-of-state plaintiffs in putative collective actions brought under the FLSA. The issue is currently pending before the Ninth Circuit in *Harrington v. Cracker Barrel Old Country Store, Inc*., Nos. 23-15650 and 24-1979.

Defendant's alternative arguments are made without waiver of any rights to compel arbitration under the FAA. The issue of arbitrability is a threshold issue that must be finally decided before considering any other argument.

## II.    STATEMENT OF RELEVANT FACTS

### A.    The Parties

Defendant is the nation's largest producer of construction aggregates and a major producer of aggregates-based construction materials. Whiston Decl., ¶ 2. It is a corporation organized under the laws of the State of New Jersey with its principal office located in Birmingham, Alabama. Doc. 1 ¶ 21. Plaintiff alleges that, beginning in approximately December 2023, Defendant employed him as a drag line operator in Arizona. *Id*. ¶ 33.

### B.    Plaintiff Enters Into A Binding Arbitration Agreement With Defendant

As part of Defendant's onboarding process, Plaintiff electronically signed the Arbitration Agreement on November 22, 2023. Whiston Decl., Ex. B at 1, 4. To sign the Arbitration Agreement, Plaintiff had to: (1) access Defendant's human resources management software platform using a unique login and password; (2) select "I Agree" to the Arbitration Agreement; (3) enter his personal information (including his date of birth,

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4911-1755-5281.2

social security number, and zip code); and (4) again enter his password to generate his electronic signature on the Arbitration Agreement. *Id.* ¶¶ 6, 8, 9. Plaintiff could not have completed the onboarding process without having done so. *Id.*

The Arbitration Agreement makes clear that final and binding arbitration is mandatory, mutual, and the exclusive remedy of resolving "any controversy" that "arises out of" Plaintiff's employment with Defendant. *Id.*, Ex. B at 1. The Arbitration Agreement also sets forth a non-exhaustive list of claims that must be arbitrated, including "disputes arising out of federal and state statutes and local ordinances, such as . . . [the] Fair Labor Standards Act . . . and any similar federal, state and local laws." *Id.*

Additionally, Plaintiff explicitly waived his right to initiate, participate in, or join any class or collective action. This waiver appears in bold text in the Agreement:

> **[T]here shall be no right or authority for any dispute to be arbitrated as a class action or collective action**. . . **ALL DISPUTES BETWEEN YOU AND VULCAN ARISING OUT OF YOUR EMPLOYMENT OR THE TERMINATION OF YOUR EMPLOYMENT SHALL PROCEED IN ARBITRATION SOLELY ON AN INDIVIDUAL BASIS, AND . . . THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR OWN INDIVIDUAL CLAIMS**.

*Id.* at 2 (emphasis in original).

### C.    Plaintiff Ignores the Arbitration Agreement and Files this Lawsuit

Notwithstanding his agreement to individually arbitrate all employment-related disputes, Plaintiff filed this lawsuit on May 5, 2025 purportedly on behalf of himself and others similarly situated for allegedly failing to pay overtime under the FLSA on a nationwide basis and failing to pay earned wages under the AWA. *See generally* Doc. 1. The nationwide putative FLSA collective consists of "[a]ll hourly Vulcan employees who were paid a bonus not included in their regular rate of pay." *Id.* The putative AWA class consists of "[a]ll hourly Vulcan employees who worked in Arizona who were paid a bonus not included in their regular rate of pay." *Id.* ¶ 19.

Plaintiff alleges that Defendant violated the FLSA by failing to pay Plaintiff and other hourly employees "overtime wages at rates of at least 1.5 times their regular rates of

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

- 3 -

pay—based on all remuneration—for the hours they worked in excess of 40 in a workweek." *Id.* ¶ 88.  As a result, Plaintiff contends that he and the FLSA putative collective have incurred damages in the amount of "the difference between the wages actually paid and the overtime wages actually earned" and an "amount equal to all their unpaid overtime wages as liquidated damages." *Id.* ¶¶ 90, 92.  Similarly, Plaintiff's state claim alleges that Defendant violated the AWA by "failing to timely pay . . . earned overtime wages" from Plaintiff and other Arizona putative class members.  *Id.* ¶ 102.  Plaintiff alleges that he and the Arizona putative class are owed "the difference between the rate actually paid and the required overtime rate," as well as "treble damages." *Id.* ¶¶ 104-105.

## III.  **ARGUMENT**

### A.    **The Court Should Compel Plaintiff To Individual Arbitration**

The party seeking to compel arbitration "bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010).  "It is permissible to consider evidence outside the pleadings when resolving a motion to compel arbitration. To the extent there are conflicts in the evidence submitted by the parties, the court applies a standard similar to that applicable for a motion for summary judgment." *Scott-Ortiz v. CBRE Inc.*, 501 F. Supp. 3d 717, 721 (D. Ariz. 2020) (internal citations and quotations omitted).  Where, as here, the underlying factual circumstances relevant to the Court's determination of arbitrability are undisputed, no evidentiary hearing is required. *Id*.[1]

---

[1] To the extent the Court does not compel arbitration based on the motion papers (which it should), the FAA provides for limited discovery and additional briefing limited to the issue of arbitrability, and a trial on that issue if needed.  9 U.S.C § 4 (if there is a factual dispute regarding "the making of the arbitration agreement . . . the court shall proceed summarily to the trial thereof"); *see, e.g.*, *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 833 (9th Cir. 2022) (holding that district court abused its discretion in denying motion to compel arbitration without first allowing for arbitration-related discovery); *Burks v. Aaron's Inc.*, No. CV-19-00559-TUC-SHR, 2020 WL 10055817, at *3 (D. Ariz. Aug. 25, 2020) (ordering limited discovery on issue of arbitrability).  Defendant's alternative arguments are made

4911-1755-5281.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

1.     **The FAA Mandates Enforcement Of The Arbitration Agreement**

The FAA applies to arbitration agreements made pursuant to an express agreement of the parties in any contract affecting interstate commerce.  9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).[2]  Section 2 of the FAA "requires courts to enforce agreements to arbitrate according to their terms" in order "to place an arbitration agreement upon the same footing as other contracts."  *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018) (citing *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012)).  "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  *O'Connor*, 904 F.3d at 1093.

Because the FAA governs, the only threshold issues for this Court are: (1) whether a valid arbitration agreement exists, and, if so, (2) whether the arbitration agreement encompasses the dispute or claims at issue.  *Green Tree*, 539 U.S. at 452; *Chiron*, 207 F.3d at 1130.  Both requirements are satisfied here.

a.     **The Arbitration Agreement is Valid and Enforceable**

In evaluating the validity of an arbitration agreement, courts apply ordinary state-law principles governing the formation of contracts.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Under Arizona law, a contract (including an arbitration agreement) is enforceable if there is: "(1) an offer communicated to the offeree; (2) acceptance of the offer by the offeree; and (3) consideration."  *Taleb v. AutoNation USA*

---

without waiver of these rights, and the Court should not consider the alternative arguments until final resolution of the arbitrability issue.

[2] The FAA applies to this dispute for two independent reasons.  First, the parties expressly agreed that the FAA governs the Arbitration Agreement.  Whiston Decl., Ex. B; *Ramirez v. LQ Mgmt., LLC*, No. 219-CV-06507-ODW(JPRX), 2020 WL 2797285, at *2 (C.D. Cal. May 29, 2020) (finding that FAA applied based on agreement's express invocation of statute).  Second, the dispute clearly "involve[s] interstate commerce," as Defendant operates in 22 states (from coast to coast) and its products are used in construction projects all over the country. Whiston Decl., ¶ 2; *Allied-Bruce Terminix Co., Inc. v. Dobson*, 513 U.S. 265, 282 (1995) (relationship involved interstate commerce where, among other things, defendant was national corporation engaged in business in multiple states).

4911-1755-5281.2

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

1    *Corp.*, No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006);

2    *Rogus v. Lords*, 804 P.2d 133, 135 (Ariz. Ct. App. 1991).

3        Here, each element is satisfied.  Plaintiff agreed to be contractually bound to the

4    Arbitration Agreement when Plaintiff executed the agreement as a condition of his

5    employment with Defendant on November 22, 2023.  Whiston Decl., Ex. B at 4.  Plaintiff

6    accepted the terms and conditions of the Arbitration Agreement by electronically signing,

7    signifying his intent to be bound by the terms and conditions of the agreement.  *Id.*  He did

8    so by: (i) accessing Defendant's human resources management software platform using a

9    unique login and password; (ii) selecting "I Agree" to the Arbitration Agreement; (iii)

10   entering his personal information (including his date of birth, social security number, and

11   zip code); and (iv) again entering his password to generate his electronic signature on the

12   Arbitration Agreement.  *Id.* ¶¶ 6, 8, 9.  He could not have completed the onboarding process

13   without having taken these steps.  *Id.*

14       The Arbitration Agreement is likewise supported by consideration.  A mutual

15   promise to arbitrate between an employee and employer constitutes sufficient consideration

16   to support an arbitration agreement.  *Collins v. Macy's Inc.*, CV-19-02572-PHX-GMS, 2019

17   WL 5188749, at *3 (D. Ariz. Oct. 15, 2019) (quoting *Circuit City Stores, Inc. v. Najd*, 294

18   F.3d 1104, 1108 (9th Cir. 2002)) ("An employer's promise to 'submit to arbitration and to

19   forego the option of a judicial forum for a specified class of claims constitutes sufficient

20   consideration.'").  Under the terms of the Arbitration Agreement, both Plaintiff and

21   Defendant mutually agreed to waive their respective rights to bring lawsuits in court or in

22   front of a jury.  Whiston Decl., Ex. B at 1.  Moreover, Plaintiff proceeded to work for

23   Defendant after electronically signing the Arbitration Agreement, further demonstrating his

24   assent to the Arbitration Agreement.  *Taleb*, 2006 WL 3716922, at *6 (noting that

25   employee's choice to remain on job after accepting offer established that agreement was

26   supported by adequate consideration).  Furthermore, continued employment is

27   independently sufficient consideration to support an arbitration agreement.  *Coup v.*

28   *Scottsdale Plaza Resort*, 823 F. Supp. 2d 931, 943-44 (D. Ariz. 2011) (citing *Mattison v.*

4911-1755-5281.2

*Johnston*, 730 P.2d 286, 289 (Ariz. Ct. App. 1986)).  The Arbitration Agreement explicitly provides that Plaintiff's "continued employment with Defendant, along with the mutual promises" in the Agreement, form the basis for the Agreement's consideration.  Whiston Decl., Ex. B p. 1.  In short, there can be no genuine dispute that Plaintiff is subject to a valid, enforceable arbitration agreement.[3]

### b.    Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Agreement

Where, as here, a claim is covered by an arbitration agreement, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues" covered by the arbitration agreement.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Chiron*, 207 F.3d at 1131; *see also AT&T Techs. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (holding arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.").

Plaintiff's claims fall squarely within the scope of the Arbitration Agreement, which covers "any controversy" between Plaintiff and Defendant "that arises out of [Plaintiff's] employment or the termination of [Plaintiff's] employment."  Whiston Decl., Ex. B at 1. The Arbitration Agreement also provides a non-exhaustive list of claims that are covered by the agreement, which specifically includes claims arising under the FLSA "and any similar federal, state, and local laws." *Id*.  Plaintiff's claims arise under the FLSA and the AWA for alleged failure to pay overtime compensation and earned wages.  *See* Doc. 1 ¶¶

---

[3] Based on Defendant's counsel's conferral with Plaintiff's counsel, Defendant anticipates that Plaintiff may try to challenge the enforceability of the Arbitration Agreement based on the purported location of the IP address on the signature page of the agreement.  Plaintiff's counsel provided no explanation as to how they identified the purported location of the IP address or how the purported location demonstrates that someone other than Plaintiff signed the Arbitration Agreement.  Any such argument should be rejected out of hand because it has no relevance.  *See* Declaration of Alyssa Lisiewski.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

87-106.  These claims both arise from Plaintiff's employment with Defendant and are covered by the list of claims set forth in the Arbitration Agreement.  Whiston Decl., Ex. B at 1.  Accordingly, while Defendant vigorously disputes the validity and merit of Plaintiff's claims, there is no question that each claim falls within the ambit of Plaintiff's employment, and each claim is therefore subject to arbitration under the Arbitration Agreement.

### 2.    The Court Should Stay This Action Pending Arbitration

Once an arbitration clause is deemed enforceable, "the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).  As explained above, all claims Plaintiff brought against Defendant must be submitted to arbitration.  There are no claims on which the Court may grant relief.  Therefore, staying this action pending the outcome of arbitration is warranted.  *See Apex Holdings LLC v. FairBridge Hotels Int'l Inc.*, No. CV-24-03035-PHX-MTL, 2025 WL 1101664, at *3 (D. Ariz. Apr. 14, 2025) (staying action pending arbitration where all claims were encompassed by arbitration agreement).[4]

### B.    The FLSA Preempts the Arizona Wage Act Claim[5]

The Court should dismiss Plaintiff's AWA claim for treble damages—which is solely predicated on his FLSA claim—because the FLSA preempts the claim.  A claim is preempted where it "stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).  Congress created an "unusually elaborate enforcement scheme" of remedies for FLSA violations. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193-94 (4th Cir.

---

[4] At this stage of the litigation, the arbitration inquiry is focused only on Parrish as the sole named plaintiff.  Individuals who file their consent to join an FLSA collective action do not become party-plaintiffs until conditional certification and court-ordered notice of the collective. *Baugh v. A. H. D. Houston,* No. H-20-0291, 2020 WL 2771251, at *8 (S.D. Tex. May 28, 2020) (granting motion to dismiss FLSA collective action after compelling named plaintiff to arbitration and explaining that opt-in plaintiffs "do not become party-plaintiffs until conditional certification and court-ordered notice" occur and that "the agreement to arbitrate is a 'threshold question' that precedes conditional certification").

[5] As stated in footnote 3 *supra*, this argument and the remaining arguments set forth herein are made without waiver of any rights to compel arbitration under the FAA.

4911-1755-5281.2

2007). This enforcement scheme, including the opt-in procedures under which plaintiffs must affirmatively consent in writing to become a party, 29 U.S.C. § 216(b), balances the competing policies of ensuring adequate wages for employees while protecting employers from threats of "vast alleged liability." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003).

To avoid disrupting this balance, courts have held that state law may not provide more generous remedies for conduct covered by the FLSA's remedial scheme. For example, in *Anderson,* the Fourth Circuit held that the FLSA preempted plaintiffs' state law claims, which "all depend[ed] on establishing that [Defendant] violated the FLSA," where those claims would provide "more generous" remedies, such as an extended limitations period and punitive damages. 508 F.3d at 192-93; *see also Williamson*, 208 F.3d 1144 at 1154 (recognizing that "[c]laims that are directly covered by the FLSA," such as overtime disputes, "must be brought under the FLSA.").

Here, Plaintiff's FLSA and AWA claims are both based entirely on the requirements of the FLSA. *See* Doc. 1 ¶¶ 86-106. Plaintiff has not asserted any legal theory entitling him to overtime wages under Arizona law—nor could he, as the AWA does not provide employees with a substantive right to overtime pay. A.R.S. § 23-351(C)(3); *see also Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *1 (D. Ariz. Jan. 20, 2011) ("The Arizona Wage Act does not contain a provision requiring payment of overtime for hours in excess of [40], but the Act does require that employees receive their 'wages' in a timely fashion."). By including the AWA claim, Plaintiff seeks to avail himself of state law remedies—including, for example, treble damages made available under A.R.S. § 23-355—that are unavailable under the FLSA. Allowing Plaintiff to "assert [an] FLSA claim on behalf of similarly situated employees while using a duplicative state wage-collection law to bootstrap in the more generous procedure of Rule 23" would undermine the careful balance established by § 216(b)'s opt-in procedures. *Zanders v. Wells Fargo Bank N.A.*, 55 F. Supp. 3d 1163, 1174 (S.D. Iowa 2014) (citing *Williamson*, 208 F.3d at 1154).

- 9 -

1    Arizona federal courts routinely hold that the FLSA preempts AWA overtime claims

2    in similar circumstances.  *See, e.g.*, *Salazar v. Driver Provider Phoenix LLC*, No. CV-19-

3    05760-PHX-SMB, 2023 WL 167021, at *3 (D. Ariz. Jan. 12, 2023) ("Seeing as Plaintiffs'

4    AWA claim merely seeks state remedies for alleged FLSA overtime violations, the Court

5    finds that allowing the claim to proceed would directly conflict with Congress's enactment

6    of remedies under the FLSA for overtime violations."); *Nelson v. Network Infrastructure

7    Corp.*, No. CIV 09-1172-PHX-DKD, 2010 WL 11515662, at *3 (D. Ariz. Mar. 30, 2010)

8    ("The FLSA preempts any claims under the AWA which arise from a violation of the

9    FLSA."); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 919, 923 (D. Ariz. 2010); *Wood v.

10   TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *4-6 (D. Ariz. Sept. 18,

11   2008). There are no allegations present to justify a different conclusion here.  Accordingly,

12   Plaintiff's AWA claim is preempted by the FLSA, and the Court should dismiss the claim.

### C.    The Court Should Dismiss Plaintiff's FLSA Allegations As To Any Non-Arizona Putative Opt-In Plaintiffs For Lack Of Personal Jurisdiction

14   Pursuant to Fed. R. Civ. P. 12(b)(2), the Court should dismiss Plaintiff's FLSA claim

15   as to any non-Arizona putative opt-in plaintiffs because Plaintiff cannot establish personal

16   jurisdiction over Defendant with respect to any such putative opt-in plaintiffs.

### 1.    Standard of Review

18   Once a defendant raises the lack of personal jurisdiction as a defense, the plaintiff

19   has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm,* 503 F.3d

20   1050, 1056 (9th Cir. 2007); *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144,

21   1151 (D. Ariz. 2001).  Because the FLSA does not contain a provision governing personal

22   jurisdiction, the district court applies the law of the forum state to determine personal

23   jurisdiction. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th

24   Cir. 2018); Fed. R. Civ. P. 4(k)(1)(A); *Marsteller v. MD Helicopter Inc.*, CV-14-01788-

25   PHX-DLR, 2014 WL 12821103, at *6 (D. Ariz. Oct. 15, 2014).  Arizona's long-arm statute

26   permits the exercise of personal jurisdiction to the fullest extent permissible under the U.S.

27   Constitution.  *See LNS Enters. LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1071 (D.

WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

4911-1755-5281.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

1    Ariz. 2020), *aff'd*, 22 F.4th 852 (9th Cir. 2022) (noting that analysis for determining

2    personal jurisdiction under Arizona law and federal due process are "identical.").  Thus,

3    "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant

4    must have at least 'minimum contacts' with the relevant forum such that the exercise of

5    jurisdiction does not offend traditional notions of fair play and substantial justice."

6    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) (quoting

7    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

8         Personal jurisdiction can exist in two forms: general (or "all-purpose" jurisdiction)

9    and specific jurisdiction (or "case-linked" jurisdiction).  *Bristol-Myers*, 582 U.S. at 262.

10   Here, Plaintiff cannot establish either form of personal jurisdiction with respect to the

11   claims of non-Arizona putative opt-in plaintiffs.

12        **2.    The Court Lacks General Jurisdiction Over Defendant**

13        For general personal jurisdiction to exist, the defendant must have "continuous and

14   systematic" contacts with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v.*

15   *Hall*, 466 U.S. 408, 416 (1984).  The standard for general jurisdiction is an "exacting" one,

16   meaning the defendant's contacts must be so pervasive that they "approximate physical

17   presence" in the forum state.  *Schwarzenegger*, 374 F.3d at 801.  "[O]nly in an exceptional

18   case will general jurisdiction be available anywhere other than the corporation's place of

19   incorporation and principal place of business."  *LNS*, 464 F. Supp. 3d at 1072.

20        Defendant is a corporation organized under the laws of the State of New Jersey with

21   its principal office located in Birmingham, Alabama.  Doc. 1 ¶ 21.  Plaintiff has not pled

22   any facts that would render this an "exceptional" case where a foreign corporation, like

23   Defendant, may be found "at home" in another jurisdiction.  As such, general jurisdiction

24   cannot be a basis for personal jurisdiction over Defendant.

25

26

27

28

4911-1755-5281.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

**3.** **The Court Lacks Specific Jurisdiction With Respect To The Non-Arizona Putative Collective Claims**

Because this Court lacks general jurisdiction over Defendant, Plaintiff must establish that Defendant is subject to specific personal jurisdiction in Arizona for any claims based on activities occurring outside of Arizona.  Plaintiff cannot make that showing.

Specific personal jurisdiction requires that a suit arise out of or relate to the defendant's contacts with the forum.  *Bristol-Myers*, 582 U.S. at 262.  For a court to exercise specific personal jurisdiction, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.* (internal quotations omitted).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.* at 264.

Plaintiff pleads a nationwide collective action, but does not allege any facts to establish that Defendant's conduct in Arizona was the proximate cause of, or even related to, potential claims of opt-in plaintiffs outside of Arizona.  Any claims for unpaid overtime by out-of-state putative plaintiffs would arise from their work in those states, not Arizona. *See Gonzalez v. Gov't Emps. Ins. Co.*, 2:20-CV-11722-RGK-KS, 2021 WL 4805434, at *4 (C.D. Cal. Apr. 30, 2021) (specific personal jurisdiction did not exist over FLSA claims asserted by non-resident plaintiffs where plaintiffs failed to show "how the out-of-state opt-in plaintiffs' claims relate to or arise from Defendant's contacts with California.").

Although Plaintiff alleges that he is an Arizona resident and worked for Defendant in Arizona, his claim does not provide a basis for this Court to exercise personal jurisdiction over claims by non-residents.  The Supreme Court in *Bristol-Myers* expressly rejected the argument that federal courts could assert specific personal jurisdiction over nonresidents' claims simply because they were joined with similar claims over which the court has personal jurisdiction.  *See Bristol-Myers*, 582 U.S. at 260.  Here, because the non-Arizona putative opt-in plaintiffs "are not [Arizona] residents and do not claim to have suffered harm

- 12 -

in that State," "it follows that [this Court] cannot claim specific jurisdiction" with respect to their claims. *Id* at 265.

Several federal appellate courts have applied *Bristol-Myers* in the FLSA context, dismissing the claims of putative out-of-state plaintiffs for lack of specific personal jurisdiction. *See Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865-66 (8th Cir. 2021) (district court lacked personal jurisdiction over FLSA claims by non-residents); *Canaday v. Anthem Cos.*, 9 F.4th 392, 397 (6th Cir. 2021) (holding that "[t]he principles animating *Bristol-Myers*'s application to mass actions under California law apply with equal force to FLSA collective actions under federal law"); *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022) ("[E]very plaintiff who seeks to opt in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state."). In addition, numerous district courts within the Ninth Circuit have extended *Bristol-Myers*' holding to FLSA collective actions, requiring each opt-in plaintiff to establish specific jurisdiction over the defendant. *See, e.g.*, *Wilkerson v Walgreens Specialty Pharm. LLC*, 637 F. Supp. 3d 718, 726 (D Ariz. 2022) (collecting cases and finding that at least three Ninth Circuit district courts and 27 district courts outside the Ninth Circuit have held that *Bristol-Myers* applies to deprive courts of personal jurisdiction over claims by out-of-state plaintiffs in FLSA actions); *Carlson v. United Nat. Foods, Inc.*, No. C20-5476-JCC, 2021 WL 3616786, at *3 (W.D. Wash. Aug. 14, 2021) (court did not have specific personal jurisdiction over non-resident putative class members).

As the Sixth Circuit recognized, the structure of an FLSA collective action is analogous to the mass tort action at issue in *Bristol-Myers*:

> The principles animating *Bristol-Myers*'s application to mass actions under California law apply with equal force to FLSA collective actions under federal law. As other circuits have acknowledged, an FLSA collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases. A mass action is more akin to an opt-in FLSA collective action than it is to a class action. The key link is party status. In an FLSA collective action, as in the mass action under California law, each opt-in plaintiff becomes a real

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

party in interest, who must meet her burden for obtaining relief and satisfy the other requirements of party status.

*Canaday*, 9 F.4th at 397 (internal citations and quotations omitted). Here, as in *Bristol-Myers*, Plaintiff cannot establish a connection between Arizona and the claims of the non-Arizona putative collective. As such, this Court lacks personal jurisdiction over any non-Arizona putative opt-in plaintiffs and their claims should be dismissed.

> **D.** **If the Court Fails To Dismiss The FLSA Allegations As to Any Non-Arizona Putative Opt-In Plaintiffs, the Court Should Stay Further Proceedings Pending The Ninth Circuit's Decision in *Harrington v. Cracker Barrel***

If this Court does not dismiss the claims of the non-Arizona putative collective under *Bristol-Myers*, Defendant respectfully requests that the Court stay this action pending the Ninth Circuit's ruling in *Harrington v. Cracker Barrel Old Country Stores, Inc.*, Nos. 23-15650 and 24-1979. The Ninth Circuit is currently considering the exact question presented here: whether federal district courts lack jurisdiction over out-of-state FLSA opt-in plaintiffs. Thus, *Harrington* will determine whether Plaintiff will be allowed to move for conditional certification of a collective action spanning 22 states as he tries to do.

The district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). A stay of proceedings is appropriate "pending resolution of independent proceedings which bear upon the case" where, as here, a stay is in the interest of judicial efficiency. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085-86 (9th Cir. 2024). There are "three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock*, 76 F.4th at 842 (internal citations and quotations omitted).

Each factor weighs in favor of granting a stay pending the Ninth Circuit's decision in *Harrington*. First, the possible damage resulting from granting an administrative stay is

- 14 -



201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

1   minimal, if any, because Defendant would agree to toll the statute of limitations.  Second,

2   the hardship Defendant may suffer if forced to proceed without a stay is high because

3   without a brief stay (and if the case is not otherwise dismissed for the reasons stated herein),

4   if Plaintiff moves for conditional certification, notice under section 216(b) of the FLSA

5   could be sent to all of Defendant's hourly employees, spanning 22 states, over 96 percent

6   of whom are outside Arizona, despite the Court lacking personal jurisdiction over these

7   employees' claims.   Declaration of Rosa Deck ¶ 3.   If the Ninth Circuit subsequently

8   determines that this Court lacks personal jurisdiction over any out-of-state putative opt-ins,

9   the parties would have to retract or revise the notice and deal with any invalid opt-in

10  plaintiffs.   And, even then, there would be no way to remedy that individuals who never

11  should have received the notice did receive it, which contravenes a key reason for the notice

12  requirement—to prevent unnecessary litigation. *See Hoffmann-La Roche, Inc. v. Sperling*,

13  493 U.S. 165, 173 (1989) (explaining that Congress added FLSA notice and opt-in

14  requirements in response to "excessive litigation spawned by plaintiffs lacking a personal

15  interest in the outcome . . . .").   Third, the interests of judicial efficiency would be furthered

16  by waiting for the Court of Appeals to decide a critical jurisdictional issue impacting the

17  entire scope of Plaintiff's case.

18        If the Court does not dismiss the case, it should stay these proceedings until the Ninth

19  Circuit decides *Harrington* and resolves this fundamental issue of personal jurisdiction.

20  **IV.    CONCLUSION**

21        In keeping with the FAA's strong policy favoring arbitration, Defendant respectfully

22  requests that the Court compel individual arbitration of Plaintiff's claims and stay these

23  proceedings pending the outcome of arbitration.   Should the Court decline to compel

24  arbitration, then the Court should dismiss both the AWA claim in its entirety because the

25  FLSA preempts the claim as well as the FLSA claim as to any non-Arizona putative opt-in

26  plaintiffs for lack of personal jurisdiction.   If the Court does not compel arbitration or

27  dismiss these claims, Defendant requests that the Court stay all proceedings in this matter

28  pending the outcome of the Ninth Circuit's decision in *Harrington.*

4911-1755-5281.2

DATED this 30th day of June, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Nicole G. True
    Mary Ellen Simonson
    Nicole G. True
    *Attorneys for Defendant*

HUNTON ANDREWS KURTH LLP

By: /s/ Kevin J. White
    Kevin J. White
    James J. La Rocca
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this case:

*/s/ June Yourgulez*

4911-1755-5281.2